53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel GREER, Jr., Defendant-Appellant.
 No. 94-3126.
 United States Court of Appeals, Seventh Circuit.
 Argued April 12, 1995.
Decided April 27, 1995.
 
 Before ALDISERT,* EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Samuel Greer, Jr. pleaded guilty to possessing cocaine base with the intent to distribute. On appeal, he raises several challenges to the 240-month term of imprisonment imposed by the district court. We briefly address two of Appellant's contentions and affirm.
 
 I.
 
 2
 Appellant argues that the sentencing court erred in relying on the hearsay allegations of various witnesses. These witnesses alleged that Appellant attacked Phil Beason in August 1993 because Mr. Beason owed Appellant money for crack cocaine, that Appellant attacked Forest Shomberg in November 1993 for snitching and getting Greer's "brother" arrested, that Appellant attacked Oteria Singleton twice in November 1993 for stealing his money and crack cocaine, that Appellant directed Ewing Hubbard in the distribution of crack cocaine, and finally, that Appellant distributed crack cocaine.
 
 
 3
 Appellant admitted assaulting Phil Beason in August 1993 because Mr. Beason owed him money. Beason's girlfriend, Tara Hatter, witnessed the attack. Forest Shomberg's account was corroborated by hospital medical records showing he was treated in late November 1993 for a broken palate. Oteria Singleton's story was corroborated by Sharon Franklin, who was present immediately prior to the second attack when Greer and his cohort, Ewing Hubbard, began yelling at Singleton. The witnesses stated that Appellant regularly dealt crack cocaine in Madison.
 
 
 4
 The district court was presented with this evidence and credited the accounts of these witnesses. Appellant presented no evidence, witnesses or testimony to contradict these statements. In applying the clearly erroneous standard of review, it is our responsibility to accept the factual determinations of the factfinder unless they either (1) are completely devoid of minimum evidentiary support displaying some hue of credibility; or (2) bear no rational relationship to the supportive evidentiary data. See Krasnov v. Dinan, 465 F.2d 1298, 1302 (3rd Cir.1972). Applying these principles to the evidence before the district court, we cannot construe as clearly erroneous its finding that Appellant engaged in the activities described by the witnesses. Consequently, Appellant's contention that the testimony lacked sufficient indicia of reliability, see U.S.S.G. Sec. 6A1.3 Comment; United States v. Beler, 20 F.3d 1428, 1433 (7th Cir.1994), must fail.
 
 II.
 
 5
 Appellant also argues that the district court erred in determining that conduct prior to the instant offense was "relevant conduct" for purposes of a sentencing enhancement under U.S.S.G. Sec. 1B1.3. He contends that the district court's conclusion that he continued to sell cocaine base in Madison after September 1993 until the date of his arrest in February 1994 was unsupported. The record belies his assertion. As Appellant concedes in his brief:
 
 
 6
 Greer told Detective Searls that he traveled to Madison nearly every weekend between mid-May and mid-September to sell 1/2 ounce of cocaine.... When Searls asked Greer why he quit dealing in September, Greer said that "he didn't really quit, he just didn't come to Madison as often " ...
 
 
 7
 Brief for Appellant at 21 (emphasis added). In light of the record evidence, the district court's finding was not clearly erroneous.
 
 III.
 
 8
 We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit is sitting by designation